IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIRK O'GUINN                                                                                PLAINTIFF

vs.                                       Civil No. 4:20-cv-04106

COMMISSIONER, SOCIAL                                    DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Kirk O'Guinn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability application on August 8, 2019. (Tr. 12). In this application, Plaintiff alleges being disabled due to severe anxiety, severe agoraphobia with panic attacks, and social phobia and dysthymia. (Tr. 204). Plaintiff alleges an onset date of November 22, 2019. (Tr. 12). This application was denied initially and again upon reconsideration. (Tr. 91-92,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself not the ECF page number.

107-108). Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 32-78). Plaintiff's administrative hearing was held on May 22, 2019 in Topeka, Kansas. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Jennifer Smidt testified. *Id.*

On September 16, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 12-20). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2024. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 22, 2019, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: major depressive disorder and anxiety disorder with agoraphobia and panic attacks. (Tr. 14-15, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-16, Finding 4).

In his opinion, the ALJ noted Plaintiff was fifty-five (55) years old, which is defined as an individual of advanced age under 20 C.F.R. § 404.1563(e) (2008), on his alleged disability onset date. (Tr. 19, Finding 7). The ALJ also determined Plaintiff had at least a high school education. (Tr. 19, Finding 8).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-18, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember, and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work related decisions; can adapt to few if any workplace changes, and can tolerate only occasional interaction with co-workers, supervisors, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 19, Finding 6).  Based upon his RFC, the ALJ determined Plaintiff did not retain the capacity to perform his PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10).  Considering his RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) janitor (medium, unskilled) with 2,137,730 such jobs in the national economy; (2) dishwasher (medium, unskilled) with 502,280 such jobs in the national economy; and (3) busser (medium, unskilled) with 410,460 such jobs in the national economy.  *Id.*

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 22, 2019 through the date of his decision or through September 16, 2020.  (Tr. 20, Finding 11).  Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On November 5, 2020, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-6).  On December 4, 2020, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 7, 2020. ECF No. 5.  This case is now ready for decision.

2.   **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff raises one issue in his appeal brief. ECF No. 18 at 1-17. Specifically, Plaintiff claims the following: "The Administrative Law Judge failed to properly evaluate the medical opinions of . . . [his] . . . treating psychiatrists." *Id.* Plaintiff claims the ALJ improperly discounted the findings of his treating sources, Dr. Betty Feir, Ph.D. and Dr. Susan Ing, M.D., and improperly assessed his RFC. *Id.* The SSA disputes these claims and argues the ALJ's RFC determination is supported by substantial evidence in the record. ECF No. 19. Because the only issue raised is whether the ALJ properly assessed Plaintiff's RFC, the Court will only address this issue.

Plaintiff claims his severe impairments of major depressive disorder and anxiety disorder with agoraphobia and panic attacks cause him to be unable to work. ECF No. 18. Plaintiff claims these limitations are supported by the opinions of his two treating physicians: (1) Dr. Susan Ing, M.D. and (2) Dr. Betty Feir, Ph.D. *Id.* Plaintiff claims the ALJ erred in the consideration of those opinions. *Id.*

First, Plaintiff claims Dr. Ing found Plaintiff "had agoraphobia and anxiety issues that rendered him unable to work." ECF No. 18 at 7. Upon review of the record in this matter, V.A. physician Dr. Ing did write a one-page "to whom it may concern" letter on August 9, 2019 regarding

5

Plaintiff's ability to work. (Tr. 315). In this letter, Dr. Ing provided as follows: "Due to Mr. OGuinn's severe **anxiety** and agoraphobia with panic attacks—which makes it difficult for him to perform his duties—this writer determined that Mr. OGuinn is NOT able to work due to his mental conditions." *Id.*

> In his opinion, the ALJ fully considered the findings of Dr. Ing and noted the following:
>
> The undersigned notes that the claimant's psychiatrist Susan Ing, M.D., wrote in an August 2019 letter that the claimant's anxiety and agoraphobia rendered him unable to work (Exhibit 2F/1). That assessment was not persuasive in determining the restrictions in the residual functional capacity because Dr. Ing did not quantify the claimant's limitations in functional terms. She also provided the ultimate issue of the claimant's disability—an issue that is solely reserved to the Commissioner.

(Tr. 18).

Considering the conclusory nature of Dr. Ing's opinions, the Court finds the ALJ properly considered those opinions. *See, e.g., Holmstrom v. Massanari,* 270 F.3d 715, 721 (8th Cir. 2001) (recognizing that "the checklist format, generality, and incompleteness of the assessments limit their evidentiary value"). Thus, the Court cannot find the ALJ erred in his consideration of Dr. Ing's assessment of Plaintiff's ability to work.

Second, Plaintiff claims the ALJ erred in his evaluation of the opinions of Dr. Betty Feir, Ph.D. ECF No. 18 at 9-11. In her RFC assessment, Dr. Feir found Plaintiff had severe limitations and a "poor" prognosis due to his generalized anxiety disorder and agoraphobia with panic disorder. (Tr. 525-528). In his opinion, the ALJ evaluated Dr. Feir's findings as follows:

> Dr. Feir opined in an August 2020 statement that the claimant's impairments gave him "extreme" limitations, which essentially meant that the claimant is unable to function in certain areas (Exhibit 12F). She found extreme limitations in the claimant's abilities to maintain his concentration for extended periods, perform activities within a time frame, interact appropriately with the general public, and to make simple work-related decisions. *Dr. Feir's assessment was not persuasive because it was not supported by her examinations with the claimant. Throughout the various progress notes, she depicted the claimant as effectively using his coping strategies to manage his conditions.* He showed no cognitive issues that would

indicate he would be unable to complete simple job tasks; his attention remained intact; he had no mood swings to indicate he had extreme limitations in regulation his emotions.

(Tr. 18) (emphasis added).

Considering this assessment, the Court's review of the record in this matter, and the ALJ's finding that Dr. Feir's opinions were not well-supported by her treatment notes, the Court also finds no basis for reversal on this issue. *See Casey v. Astrue,* 503 F.3d 687, 692-94 (8th Cir. 2007) (recognizing an ALJ may properly rely on a state agency medical consultant's opinion over the unsupported opinions of treating and examining physicians).

### 4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE